UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEITH PALMER (#295868)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 07-708-RET-SCR


### NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, May 20, 2008.

                                            STEPHEN C. RIEDLINGER
                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH PALMER (#295868)

VERSUS                                                CIVIL ACTION

BURL CAIN, ET AL                                      NUMBER 07-708-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Keith Palmer for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of two counts attempted first degree murder and one count felon in possession of a firearm in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on January 19, 2000. Petitioner was sentenced to 50 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections on the two counts of attempted murder, and to 15 years imprisonment at hard labor on the felon in possession of a firearm count.

### 1.  **Timeliness of application**

Petitioner's convictions and sentences were affirmed on appeal. *State of Louisiana v. Keith Rene Palmer*, 2000-1549 (La. App. 1st Cir. 6/22/01), 800 So.2d 446. Petitioner's application for supervisory review was denied by the Louisiana Supreme Court.

*State of Louisiana v. Keith Rene Palmer*, 2001-2284 (La. 8/30/02), 823 So.2d 936.

On July 30, 2003, the petitioner filed an application for post-conviction relief in the Nineteenth Judicial District Court. On February 22, 2006, the district court denied relief. On March 22, 2006, the petitioner sought review by the First Circuit Court of Appeal. On June 26, 2006, the court denied review on the showing made. *State of Louisiana v. Keith Palmer*, 2006-0491 (La. App. 1st Cir. 6/26/06). Petitioner was advised that a new application must be filed on or before August 22, 2006. On July 25, 2006, the petitioner once again sought review by the First Circuit Court of Appeal.[1] The court denied review on October 2, 2006. *State of Louisiana v. Keith Palmer*, 2006-1527 (La. App. 1st Cir. 10/2/06). Petitioner sought review by the Louisiana Supreme Court on October 30, 2006. The Louisiana Supreme Court denied review on August 31, 2007, specifically relying on La.C.Cr.P. art. 930.8. *State of Louisiana ex rel. Keith Palmer v. State of Louisiana*, 2006-2693 (La. 8/31/07), 962 So.2d 430. Petitioner

---

[1] In opposition to the State's argument that his § 2254 habeas corpus application is untimely, the petitioner argued that he delivered his application for supervisory review on his post-conviction relief application to prison officials for mailing to the First Circuit Court of Appeal on March 22, 2006. However, on October 30, 2006, the petitioner completed the Supreme Court of Louisiana Writ Application Filing Sheet on which the petitioner stated that he filed his supervisory writ to the First Circuit Court of Appeal in "July, 06." The July submission date further explains why the Louisiana Supreme Court denied the petitioner's writ application as untimely pursuant to La.C.Cr.P. art. 930.8.

sought reconsideration. The Louisiana Supreme Court granted reconsideration and once again denied the petitioner's writ. *State of Louisiana ex rel. Keith Palmer v. State of Louisiana*, 2006-2693 (La. 12/7/07), 969 So.2d 616.

Petitioner signed his federal habeas corpus application on September 26, 2007, and it was filed on October 1, 2007.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus. The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection. A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D. Tex. 1998). A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of

3

review at the next level. *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final on November 28, 2002.[2] From the date the petitioner's conviction became final until July 30, 2003, the date petitioner filed his application for post-conviction relief, 243 days of the limitation period elapsed. From February 22, 2006, the date the trial court denied review until March 22, 2006, the date the petitioner sought review from the First Circuit Court of Appeal, no days of the limitations period elapsed. From June 26, 2006, the date the First Circuit Court of Appeal denied review on the showing made, until July 26, 2006, the date the petitioner once again sought review by the First Circuit Court of Appeal, no days of the limitations period elapsed. From October 2, 2006, the date the Louisiana First Circuit Court of Appeal denied review, until October 30, 2006, the date the petitioner sought review by the Louisiana Supreme Court, no days of the limitation period elapsed. From August 31, 2007, the date the Louisiana Supreme Court denied review until September 26, 2007, the date the petitioner signed his federal habeas corpus application, 25 days of the limitation period elapsed.

---

[2] For purposes of § 2244(d)(1)(A), a state conviction becomes final upon the conclusion of direct review or the expiration of the time for seeking such review. Finality is established by the expiration of the 90-day period to seek a petition for writ of certiorari to the Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998).

Excluding the time while state post conviction or other collateral review was pending in state court, less than one year (268 days) passed from the effective date of the AEDPA until the date the petitioner filed his federal habeas corpus application.

Petitioner's federal habeas corpus application was timely filed.

## 2. **Grounds for relief**

Petitioner filed this application raising three grounds for relief: (1) he was denied the right to a jury trial, (2) he received ineffective assistance of counsel when his attorney did not allow him to testify at trial, and (3) his firearm conviction was obtained in violation of the Double Jeopardy clause of the U.S. Constitution.

The Anti-Terrorism and Effective Death Penalty Act, effective April 24, 1996, amended 28 U.S.C. § 2254(d) to provide that:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Amended section 2254(e)(1) provides as follows:

> (e)(1) In a proceeding instituted by an application for

5

>a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination.  It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence."  Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact.  *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law."  When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case.  The first clause of subsection (d)(1) refers to questions of law.  When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court."  *Id.*

**Ground 1: Waiver of Jury Trial**

In his first ground for relief, the petitioner argued that he was denied the right to a jury trial and that he would have elected to proceed before a jury if his counsel had not gotten the petitioner's mother to persuade him to waive a jury trial.

The right to a jury trial in criminal cases is a fundamental constitutional right. *Duncan v. State of Louisiana*, 391 U.S. 145, 157-58, 88 S.Ct. 1444 (1968); U.S. Const. art. III, § 2, cl. 3; U.S. Const. Amend. VI.  Like other rights, a defendant may waive his right to a jury trial. *Duncan*, 391 U.S. at 158, 88 S.Ct. 1444; *Patton v. United States*, 281 U.S. 276, 298, 50 S.Ct. 253 (1930), overruled on other grounds by *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893 (1970).  Because a trial by jury "confers burdens as well as benefits, an accused should be permitted to forego [his] privileges when his competent judgment counsels him that his interests are safer in the keeping of the judge than of the jury." *Adams v. United States ex rel. McCann*, 317 U.S. 269, 278, 63 S.Ct. 236, 241 (1942).

The right to trial by jury may be waived only when the defendant's decision is voluntary, knowing and intelligent. *Patton*, 281 U.S. at 312, 50 S.Ct. at 263.  "[W]hether or not there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each

7

case." *Adams*, 317 U.S. at 278, 63 S.Ct. at 241. A habeas petitioner has the burden of establishing that he did not competently and intelligently waive his constitutional rights. *See Johnson v. Zerbst*, 304 U.S. 458, 468-69 (1938).

The Louisiana First Circuit Court of Appeal made the following factual findings:

> In the present case, the minutes are silent on the waiver issue. This court ordered the record supplemented with the transcript from June 1, 1999 proceeding during which the waiver issue was discussed. The transcript includes a statement by the defense counsel indicating he had thoroughly discussed the jury trial issue with the defendant. Moreover, the transcript reflects the trial court also adequately advised the defendant of his right to a jury trial, and that the defendant made a voluntary decision to waive this right and be tried by the court alone.

*State of Louisiana v. Keith Rene Palmer*, 2000-1549 (La. App. 1st Cir. 6/22/01) at p. 9-10.

Petitioner has not carried his burden to rebut the presumption of the correctness of trial court's factual findings by clear and convincing evidence, as he is required to do by section 2254(e)(1).

The record reflects that the trial judge directly questioned the petitioner, who testified that he understood his right to a jury trial, he understood his right to waive it, and he discussed waiver with his attorney.[3] Petitioner's personal, on-the-record waiver, after consultation with counsel, provided a sufficient

---

[3] State court record Vol. I, transcript of Proceedings Held on Tuesday June 1, 1999.

8

procedural safeguard to affirmatively show that the petitioner understood his right to a jury trial and the option to waive it, and that his waiver was voluntary, knowing and intelligent.

**Ground 2: Ineffective Assistance of Counsel**

In his second ground for relief, the petitioner argued that his attorney interfered with his right to testify on his own behalf.

A criminal defendant has the right to take the stand and testify in his own defense. *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 2708 (1987). Only the defendant can voluntarily and knowingly waive that right. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997). The appropriate vehicle for claims that counsel interfered with a defendant's right to testify is a claim of ineffective assistance of counsel. *United States v. Brown*, 217 F.3d 247, 258-59 (5th Cir. 2000). There is "a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). Nonetheless, counsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice. *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002).

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's

9

performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness."  *Id.*, at 688, 104 S.Ct. at 2064.  To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."  *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

During a hearing on the petitioner's application for post-conviction relief, both the petitioner and Bob Hester, the petitioner's trial counsel, testified.  Petitioner testified that he wanted to testify during his criminal trial but that Hester advised against it.[4]  Petitioner testified that Hester did not discuss with him the reasons he was opposed to the petitioner testifying on his own behalf at the trial.[5]  Petitioner testified that he "listened" to his lawyer's advice.[6]  Petitioner testified

---

[4] State court record Vol. I, transcript of Hearing on Post-conviction Relief, p. 7-8.

[5] *Id.* at 8-9.

[6] *Id.* at 7, 10.

that if he had been allowed to take the stand, he would have offered testimony regarding his motivation for shooting the victims.[7]

Hester testified that he had more than one session in which he discussed with the petitioner the reasons that he believed the petitioner should not testify.[8] Hester testified that he explained to the petitioner that his only chance to avoid a lengthy sentence was to convince the trier of fact that he did not intend to kill the four year old child, and he needed to avoid the introduction of evidence that the crime was committed while the petitioner was bonded out on federal weapons charges.[9] Hester testified that after the State rested, he once again discussed with the petitioner the reasons that he believed the petitioner should not testify and he believed the petitioner understood those reasons.[10] Hester testified that the petitioner ultimately agreed to accept his advice without protest.[11]

A review of the state post-conviction relief record supports a finding that the petitioner made a knowing waiver of his right to testify. Moreover, it is clear from the record that defense

---

[7] *Id*. at 5, 6.

[8] *Id*. at 17.

[9] *Id*. at 12-13, 16.

[10] *Id*. at 15, 16, 19.

[11] *Id*. at 19.

11

counsel made a strategic decision that the petitioner ought not testify in order to prevent the introduction of evidence regarding pending federal charges. Counsel's advice against testifying did not render his performance deficient. Considering the petitioner's prior criminal history and the nature of his potential testimony, counsel's advice against testifying was sound trial strategy.

Even if the petitioner could show that counsel performed deficiently under *Strickland* by effectively denying the petitioner his right to testify, he still must establish that the deficient performance prejudiced his defense. *United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002). Petitioner has not made this showing. Petitioner's ineffective assistance of counsel claim is without merit.

### Ground 3: Double Jeopardy

In his third ground for relief, the petitioner argued that his prosecution for attempted first degree murder and felon in possession of a firearm constituted double jeopardy.

There is no double jeopardy violation if each crime requires an element of proof which the other does not. *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849 (1993); *Blockberger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180 (1932).

Clearly, each of these crimes requires proof of an element that the other crime does not. Attempted first degree murder

required proof of an attempt to kill a human being when the offender had the specific intent to kill or to inflict great bodily harm upon more than one person. LSA-R.S. 14:30(A)(3). None of these elements of proof are required to be convicted of possession of a firearm by a convicted felon under LSA-R.S. 14:95.1. Likewise, conviction of possession of a firearm by a convicted felon does not require proof of any attempt to kill or harm another person.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be denied.

Baton Rouge, Louisiana, May 20, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE